IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRION LARRY ALEXANDER,

    Plaintiff,                    No. CIV S-03-288 DFL GGH P

    vs.

EDWARD S. ALAMEIDA, JR., et al.,

    Defendant.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 2, 2005, defendants filed a pretrial statement naming as witnesses Nurse Rahm and Correctional Officer Riley. On December 15, 2005, the court issued a pretrial order identifying Rahm and Riley as witnesses for defendants.

        On January 5, 2006, plaintiff filed a document titled "Objection to Defendants' Pretrial Statement." The court construed this document as objections to the pretrial order. Plaintiff observed that he originally named Nurse Rahm and Correctional Officer Riley as defendants. On October 28, 2003, the court ordered the U.S. Marshal to serve process on Rahm and Riley. On November 23, 2003, service as to defendant Riley was returned unexecuted with a letter from the Litigation Coordinator at California State Prison-Sacramento (CSP-Sac) stating that he was unable to positively identify Correctional Officer Riley because there were several

1

correctional officers with this last name employed at CSP-Sac.  Service was returned unexecuted as to Nurse Rahm because the Litigation Coordinator at CSP-Sac was unable to identify her.  These defendants were later dismissed.

In his objections to the pretrial order, plaintiff observed that defendants were apparently able to identify defendants Rahm and Riley as they are now named as trial witnesses.  Accordingly, on January 30, 2006, the court vacated the jury trial date and ordered defendants to provide the court with the information necessary for service of defendants Rahm and Riley.

On February 14, 2006, defendants filed a response to the January 30, 2006, order.  Defendants state that defendants Rahm and Riley were inadvertently named as witnesses in the pretrial statement.  Defendants state that they recently contacted the CSP-Sac Litigation Coordinator who was unable to identify defendant Rahm.  The Litigation Coordinator also determined that the only Officer Riley employed at CSP-Sac was not assigned to the facility where plaintiff was housed and had no interaction with plaintiff.

Because defendants were unable to locate defendants Rahm and Riley after a good faith effort, the court will reinstate the jury trial.

Accordingly, IT IS HEREBY ORDERED that the jury trial date of May 22, 2006, before the Honorable David F. Levi is reinstated.

DATED:   3/1/06

/s/ Gregory G. Hollows

---
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
alex288.res