1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ALVIN GITTISRIBOONGUL
Supervising Deputy Attorney General
5 | CHRISTOPHER J. BECKER, State Bar No. 230529
Deputy Attorney General
6 | 1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (916) 322-2201
8 | Fax: (916) 324-5205
Email: Christopher.Becker@doj.ca.gov
9 |
10 | Attorneys for Defendants Ash, Eck, Wachter and
Walizer
11 |
12 | IN THE UNITED STATES DISTRICT COURT
13 | FOR THE EASTERN DISTRICT OF CALIFORNIA
14 |

15 | **DARRION LARRY ALEXANDER,**          Case No.: 2:03-cv-0288 RRB GGH

16 |                        Plaintiff,     **ORDER GRANTING DEFENDANTS MOTION UNDER RULE 50 OF THE**
17 |          **v.**                        **FEDERAL RULES OF CIVIL PROCEDURE**
18 | **EDWARD S. ALAMEIDA, JR., et al.,**
19 |                        Defendants.
20 |

21 |          Jury trial commenced in this action on May 28, 2008, in front of the Honorable John A.

22 | Mendez. Deputy Attorney General Christopher Becker appeared on behalf of the Defendants.

23 | Plaintiff, Darrion Alexander, appeared *in pro per*. After the close of Plaintiff's case in chief,

24 | Defendants moved for judgment under Rule 50 of the Federal Rules of Civil Procedure. The

25 | Court has reviewed and considered Defendants' motion.

26 | ///

27 | ///

28 | ///

[PROPOSED] ORDER GRANTING DEFENDANTS MOTION UNDER RULE 50 OF THE FEDERAL
RULES OF CIVIL PROCEDURE

1    In his case in chief, Plaintiff testified that from the dates of November 10, 2002,

2  through December 16, 2002, his toilet leaked a clear, odorless water near its base.  Plaintiff

3  testified that he told Defendants about the leak on multiple occasions and that they delayed in

4  getting assistance in stopping the leak.  Plaintiff further testified that he used a towel provided by

5  Defendant Eck to clean up any excess water.  Plaintiff failed to offer any evidence that he

6  suffered any harm from November 10, 2002, through December 16, 2002 and simply speculated

7  that he could have, but did not, contract a disease or illness from water derived from the toilet.

8    In order to prove that the Defendants deprived Plaintiff of his Eighth Amendment

9  rights, the Plaintiff must prove the following elements by a preponderance of the evidence: (1)

10  The Plaintiff faced a substantial risk of serious harm; (2) the Defendants knew of that risk and

11  disregarded it; and (3) the acts of the Defendants caused harm to the plaintiff.  Model Federal

12  Jury Instructions for the Ninth Circuit, § 9.25 (2007).

13    The Court finds that Plaintiff has failed to present evidence that a reasonable jury

14  would find legally sufficient to conclude that Plaintiff's Eighth Amendment rights were violated.

15  See *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir.1985).  Furthermore, Plaintiff did not set

16  forth any evidence establishing that he suffered any harm as a result of Defendants' purported

17  conduct.

18    Good cause appearing, the Court grants Defendants' motion under Rule 50 of the

19  Federal Rules of Civil Procedure.

20    **IT IS SO ORDERED.**

21    DATED:   June 2, 2008

22

23

24                          /s/ John A. Mendez
                          JUDGE JOHN A. MENDEZ
25                          UNITED STATES DISTRICT COURT

26

27  03cv288.o.62.wpd
    SA2003104569

28

**[PROPOSED] ORDER GRANTING DEFENDANTS MOTION UNDER RULE 50 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1    <u>DECLARATION OF SERVICE BY U.S. MAIL</u>

2    Case Name:    **Alexander, Darrion Larry v. Edward S. Alameida, Jr, et al.**

3    No.:    **2:03-cv-0288 RRB GGH**

4    I declare:

5    I am employed in the Office of the Attorney General, which is the office of a member of the
     California State Bar, at which member's direction this service is made.  I am 18 years of age or
6    older and not a party to this matter.  I am familiar with the business practice at the Office of the
     Attorney General for collection and processing of correspondence for mailing with the United
7    States Postal Service.  In accordance with that practice, correspondence placed in the internal
     mail collection system at the Office of the Attorney General is deposited with the United States
8    Postal Service that same day in the ordinary course of business.

9    On <u>June 2, 2008</u>, I served the attached:

10   •    **[PROPOSED] ORDER GRANTING DEFENDANTS MOTION UNDER RULE 50 OF
          THE FEDERAL RULES OF CIVIL PROCEDURE**
11
     by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
12   in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite
     125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:
13
     Darrion Larry Alexander, P-05296
14   California Correctional Institution
     P.O. Box 1906
15   Tehachapi, California   93581
     *In Pro Per*
16
     I declare under penalty of perjury under the laws of the State of California the foregoing is true
17   and correct and that this declaration was executed on June 2, 2008, at Sacramento, California.

18

19              P. Tillery                                    */s/ P. Tillery*
     _____          _____
20              Declarant                                      Signature

21   03cv288.o.62.wpd

22

23

24

25

26

27

28   **[PROPOSED] ORDER GRANTING DEFENDANTS MOTION UNDER RULE 50 OF THE FEDERAL
          RULES OF CIVIL PROCEDURE**

3